# IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS
## GENERAL DIVISION

| | | |
|---|---|---|
| TIMOTHY L. HAWKINS, <br> 426 Earlmont Place, <br> Davenport, Florida 33896 <br><br> Plaintiff, <br><br> v. <br><br> BRYAN WILLIAMS, <br> Columbus, Ohio, Division of Police Officer, <br> in his personal capacity, <br> 120 Marconi Blvd., <br> Columbus, OH 43215. <br><br> and <br><br> RAY MEISTER, <br> Columbus, Ohio, Division of Police Sergeant, <br> in his personal capacity, <br> 120 Marconi Blvd., <br> Columbus, OH 43215, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. <br><br> Judge |

## COMPLAINT WITH JURY DEMAND ENDORSED HEREON

### I. INTRODUCTION

1. This is an action for compensatory and punitive damages arising from the false arrest and malicious prosecution, in violation of the common law of Ohio, Ohio Revised Code sections 2921.45 and 2307.60, and the Fourth and Fourteenth Amendments to the United States Constitution, of Plaintiff Timothy L. Hawkins by Defendants Bryan Williams, a Columbus Division of Police detective, and Ray Meister, a Columbus Division of Police sergeant.

On September 15, 2020, Mr. Hawkins was arrested at his home in Florida by U.S. Marshals and detained based upon a complaint and warrant improperly obtained by the Defendants using false and inaccurate information. The Defendants intentionally or recklessly

Case: 2:21-cv-04201-JLG-CMV Doc #: 1-3 Filed: 08/25/21 Page: 30 of 42 PAGEID #: 38
Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jul 30 1:23 PM-21CV004838
0F580 - Y81

caused Mr. Hawkins to be arrested, intrusively searched, and detained in a Florida jail for seven days at the height of a deadly global pandemic, and prosecuted on a false robbery charge despite obvious evidence demonstrating that Mr. Hawkins did not match the physical description or any other identifying characteristics of the actual perpetrator of the crime for which he was arrested.

## II. PARTIES AND VENUE

2. Plaintiff Timothy L. Hawkins is an African-American male resident of Florida.

3. Defendant Bryan Williams is a police officer employed by the Columbus Division of Police ("CPD"), the primary law enforcement agency for the City of Columbus, Ohio. At all times material to this case, Defendant Williams acted under color of state law. Defendant Williams is sued in his personal capacity.

4. Defendant Ray Meister is a police sergeant employed by the CPD. At all times material to this case, Defendant Meister acted under color of state law. Defendant Meister is sued in his personal capacity.

5. Venue is appropriate in this Court as the Defendants are located in Franklin County, Ohio, and committed the unlawful acts alleged below in Franklin County.

## III. FACTS

6. On September 15, 2020, Plaintiff Timothy L. Hawkins was arrested at his home in Orlando, Florida. He and his wife were held at gunpoint by United States Marshals. He was then handcuffed, transferred to the custody of Florida state highway patrol officers, and brought to a local detention facility, the Orange County Corrections Facility.

7. Upon his arrival at the corrections facility, Mr. Hawkins was subjected to an intrusive strip search and body cavity inspection.

2

Case 2:21-cv-04120-ALC-CMV Doc #: 4 Filed: 08/31/21 Page: 3 of 9 PAGEID #: 35
Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jul 30 1:42 PM-21CV004838
0F580 - Y82

8. Mr. Hawkins remained in the corrections facility for seven days. He could not bathe for multiple days, and was held in cold, unsanitary conditions, at the height of the global corona virus pandemic, throughout his incarceration.

9. After seven days, Mr. Hawkins was released from custody due to the dismissal of all charges against him by a Franklin County, Ohio judge.

10. The reason the charges against Mr. Hawkins were dismissed was that he was very obviously not the perpetrator of the crime with which he was charged.

11. Mr. Hawkins's prosecution, arrest, and detention by federal and Florida law enforcement officials occurred because of the intentional or reckless violation of his rights by the Defendants, Columbus Division of Police Officer Bryan Williams and Sergeant Ray Meister.

12. On or about July 31, 2020, Defendant Williams swore out felony charges and submitted an affidavit of probable cause in Franklin County Municipal Court, alleging that Mr. Hawkins committed two counts of aggravated robbery, a first degree felony under Section 2911.01(A)(1) of the Ohio Revised Code, by brandishing a firearm after stealing property from two men, David Fuller and Gabriel Kemokei in November 2019 in the Livingston-McNaughten neighborhood on the far eastern outskirts of Columbus.

13. Defendant Williams filed the felony charges against Mr. Hawkins directly in the municipal court; no grand jury indictment was obtained.

14. The officers who took the report at the scene of the November 2019 robbery reported the names and physical descriptions of two men and a woman who were the reported perpetrators of the theft and robbery of Mr. Fuller and Mr. Kemokei. The two men were reported to be named "Timothy Ethan" and "Jamle Sharals Johnson," and both were listed with physical descriptions including heights of six foot one (for Ethan) and six foot three (for

Case: 2:23-cv-00801-JLG-CMV Doc #: 4 Filed: 08/31/22 Page: 30 of 42 PAGEID #: 836
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022
0F580 - Y83

Johnson). Timothy Ethan was listed as having an age of 30, while Sharals Johnson was listed with a specific birthdate in 1985 that made his age 33 at the time.

15. The report's listing of "Jamle Sharals Johnson" also listed an address corresponding to a residence of Jamale Sharals Johnson, an individual with a prior property crime conviction in Franklin County, who had no connection of any kind to Mr. Hawkins.

16. Mr. Hawkins did not know anyone by the names reported to the officers at the scene, and he did not match their physical descriptions. He turned 37 in November 2019, and his driver's license accurately lists his height as only five foot five—8 inches shorter than the shorter of the two alleged perpetrators.

17. Mr. Hawkins did not rob or steal property from anyone and did not know Mr. Fuller or Mr. Kemokei. He lived in northeast Columbus at the time, nowhere near the scene of the crime, and worked in Westerville. He had no relationship to the crimes committed against these men; nor did Defendant Williams have any reason to believe that he did.

18. At some time between November 2019 and July 2020, Defendant Williams, then a CPD detective, was assigned the investigation of the robbery of Mr. Fuller and Mr. Kemokei.

19. Defendant Williams was apparently unable to identify suspects matching the names and physical descriptions given by the alleged victims. Upon information and belief, Defendant Williams did not locate or interview Mr. Sharals Johnson, who was arrested in Warren County, Ohio in March 2020 on a domestic violence charge.

20. Defendant Williams claimed in his probable cause affidavit, contrary to the original police report, that Mr. Fuller said one of the perpetrators was an acquaintance named Timothy Hawkins (rather than "Timothy Ethan," the name in the report), and also claimed that Mr. Fuller identified Mr. Hawkins's face when it was shown to him in a photo array.

4

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jul 30 1:42 PM-20CV004838
0F580 - Y84
Case: 2:21-cv-04201-SLG-CMV Doc #: 4 Filed: 08/31/21 Page: 5 of 9 PAGEID #: 37

21. Defendant Williams had no reason to place Mr. Hawkins's face in a photo array; he had no known connection to Mr. Fuller, Mr. Kemokei, or Mr. Sharals Johnson, no history of committing similar acts, and no connection to the neighborhood where the crime occurred.

22. Most or all of the above facts were readily apparent on the face of the charging documents and original police report.

23. By July 31, 2020, when Defendant Williams filed the charges against Mr. Hawkins, Mr. Hawkins and his family had relocated to Orlando, Florida.

24. In August 2020, Mr. Hawkins received an unsolicited mailing to his Florida address from a criminal defense attorney offering to assist him with the felony charges pending against him. This was the first time he became aware of the charges, the November 2019 robbery, or any criminal investigation of him.

25. Mr. Hawkins obtained criminal defense counsel, who attempted to contact the Franklin County Prosecutor's Office to inform the office that Mr. Hawkins was being wrongly prosecuted and that he was prepared to voluntarily appear in court in Columbus without the need for an arrest. The prosecutor's office directed Mr. Hawkins's counsel to the CPD and indicated they could not act on Mr. Hawkins's counsel's request without input from the CPD.

26. Mr. Hawkins's counsel contacted Defendant Williams, but Defendant Williams informed him that he was now in a different assignment with the CPD helicopter unit, and advised Mr. Hawkins's counsel to contact Defendant Meister, the sergeant for his former unit.

27. Mr. Hawkins's counsel contacted Defendant Meister. He informed Defendant Meister that Mr. Hawkins was not connected in any way to the charges filed against him, had a record of steady employment, no motive, and no relationship to the victims. He therefore asked Defendant Meister to provide information about the alleged photo array through which Mr.

5

Hawkins was identified, and asked that Mr. Hawkins be allowed to appear voluntarily in the Franklin County Municipal Court without being arrested in Florida and extradited.

28. Defendant Meister responded to Mr. Hawkins's counsel and refused his requests, claiming that he could not allow Mr. Hawkins to appear in court voluntarily without being arrested, processed, given his Miranda rights, and interviewed. He claimed the CPD was not authorized to deviate from this procedure.

29. Upon information and belief, Defendant Meister did nothing to seek any deviation from the arrest procedures applicable to out-of-state fugitives, despite knowing Mr. Hawkins was prepared to cooperate and travel voluntarily to Ohio for a court appearance. Nor did he inform Florida or federal authorities of Mr. Hawkins's offer to cooperate.

30. After Mr. Hawkins was forcibly arrested on September 15, 2020, his counsel was able to obtain the records showing that the perpetrator identified by the victims of the November 2019 robbery was much taller, much younger, and had a different name than Mr. Hawkins.

31. When presented with this exculpatory evidence, the Franklin County Municipal Court advised prosecutors to dismiss the charges against Mr. Hawkins, and they did so, resulting in dismissal of all charges against Mr. Hawkins on September 21, 2020. Mr Hawkins was then released from the Orange County Corrections Facility.

32. The actions of the Defendants, including knowingly disregarding exculpatory information and knowingly making false claims to manufacture probable cause against the Plaintiff, were wanton, willful, reckless, in bad faith, and in knowing violation of his rights.

33. The actions of the Defendants have caused the Plaintiff loss of liberty, anxiety, anger, humiliation, reputational harm, and stress.

6

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jul 30 1:42 PM-21CV004838
0F580 - Y86
Case: 2:21-cv-04291-JLG-CMV Doc #: 4 Filed: 08/31/21 Page: 7 of 9 PAGEID #: 39

34. As of the date of this filing, nearly nine months after the Defendants' actions resulted in the prosecution and wrongful arrest of the wrong person, the CPD has still not arrested or prosecuted either of the alleged actual perpetrators, despite having a name, address, and birthdate for one of them. Upon information and belief, the CPD has not even resumed investigating the identity of the actual perpetrators, who are likely still at large. The Plaintiff was prosecuted, arrested, and detained for no purpose whatsoever.

## IV. CLAIMS FOR RELIEF

### FEDERAL CLAIM FOR RELIEF: VIOLATION OF CIVIL RIGHTS

35. The preceding paragraphs are hereby incorporated and re-alleged.

36. The actions of the Defendants in initiating and persisting in the prosecution of the Plaintiff without probable cause, directly causing his wrongful arrest, the seizure of his person, and multiple deprivations of his liberty, violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

37. The Plaintiff's false arrest and malicious prosecution in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution are actionable under 42 U.S.C. § 1983.

### FIRST STATE CLAIM FOR RELIEF: BATTERY

38. The preceding paragraphs are hereby incorporated and re-alleged.

39. The actions of the Defendants in causing the seizing, handcuffing, arresting, and intrusive searching of the Plaintiff without his consent constituted a battery.

### SECOND STATE CLAIM FOR RELIEF: FALSE ARREST & IMPRISONMENT

40. The preceding paragraphs are hereby incorporated and re-alleged.

7

41. The actions of the Defendants in causing the arrest, handcuffing, and sustained detention of the Plaintiff against his will constituted false arrest and false imprisonment for which the Defendants are liable to the Plaintiff.

### THIRD STATE CLAIM FOR RELIEF: MALICIOUS PROSECUTION

42. The preceding paragraphs are hereby incorporated and re-alleged.

43. Defendant Williams's filing of and persisting in felony charges against the Plaintiff under the supervision and with the active participation of Defendant Meister, without probable cause and with malice, constituted malicious prosecution for which the Defendants are liable to the Plaintiff.

### FOURTH STATE CLAIM FOR RELIEF: CRIMINAL CONDUCT

44. The preceding paragraphs are hereby incorporated and re-alleged.

45. The actions of the Defendants described above violated Ohio Revised Code Section 2921.45, which makes it a crime for Ohio public servants to knowingly deprive, conspire, or attempt to deprive any person of a constitutional or statutory right, and Section 2921.13(A)(2), which makes it a crime for any person to knowingly make a false statement or swear or affirm to the truth of a previously made false statement with purpose to incriminate another. Such criminal conduct is actionable pursuant to Section 2307.60 of the Revised Code.

### V. PRAYER FOR RELIEF

46. **WHEREFORE,** the Plaintiff asks for judgment against the Defendants and requests compensatory and punitive damages in excess of $25,000; the costs of this action, including reasonable attorney's fees; and any other relief the Court deems appropriate.

Respectfully Submitted,

s/Frederick M. Gittes
Frederick M. Gittes (0031444)

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jul 30 1:42 PM-21CV004836
0F580 - Y88
Case: 2:21-cv-04291-JLG-CMV Doc #: 4 Filed: 08/31/21 Page: 9 of 9 PAGEID #: 41

fgittes@gitteslaw.com
Jeffrey P. Vardaro (0081819)
jvardaro@gitteslaw.com
The Gittes Law Group
723 Oak St.
Columbus, OH 43205
(614) 222-4735
Fax: (614) 221-9655
Attorneys for Plaintiff Hawkins

## JURY DEMAND

The Plaintiff hereby demands a jury of eight (8) to determine all issues triable by jury in this matter.

s/Frederick M. Gittes
Frederick M. Gittes (0031444)

9